**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Select Comfort Corporation,

Plaintiff,

vs.

Custom Comfort Beds, LLC,

Defendant.

Court File No. ____________

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, Select Comfort Corporation ("Select Comfort"), for its Complaint against Defendant Custom Comfort Beds, LLC ("Custom Comfort") states:

## NATURE OF THIS ACTION

1. This is an action for damages and injunctive relief arising out of Defendant's infringing, unauthorized, false and misleading use of Select Comfort's trademarks.

## PARTIES

2. Select Comfort is a Minnesota corporation with its principal place of business in Minnesota.

3. Custom Comfort is a Minnesota limited liability company with its principal place of business in Minnesota.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue lies in this District under 28 U.S.C. § 1391(b) and (c).

5. This Court has personal jurisdiction over Defendant. Defendant has purposefully, continuously and systematically conducted business in Minnesota by, *inter alia*, advertising, promoting and selling its bed and mattress products in Minnesota. Defendant is a Minnesota limited liability company, operates a store in Minnesota, and advertises and offers its goods to customers and/or potential customers in Minnesota. Defendant has willfully engaged in unauthorized, false and misleading uses of Select Comfort's trademarks, which has caused and continues to cause harm to Select Comfort, a Minnesota resident. Defendant continues to engage in unauthorized, false and misleading use of Select Comfort's trademarks even after the nature of these uses have been brought to Defendant's attention by Select Comfort.

## FACTS

### Select Comfort

6. Select Comfort designs, manufactures and markets unique air bed products, many features of which are either proprietary or protected by the patent laws of the United States. Select Comfort's Sleep Number® bed uses uniquely designed air chambers to provide a gentle cushion of support which can be easily adjusted to an individual's preference, comfort and firmness. Studies show that the Sleep Number® bed relieves back pain and improves sleep quality.

7. Select Comfort is the owner of all rights in the trademark Sleep Number®, including United States Trademark Registration Nos. 2,753,633, 2,618,999 and 2,641,045 which registrations are incontestable. True and correct copies of these registrations are attached as Exhibit A.

8. Select Comfort is the owner of all rights in the trademark Select Comfort®, including United States Trademark Registration Nos. 1,581,562, 1,590,557 1,976,214, 2,702,763, and 2,801,405 which registrations are incontestable. True and correct copies of these registrations are attached as Exhibit B.

9. Select Comfort is the owner of all rights in the trademark consisting of a Double Arrow circle logo ("Double Arrow Logo"), alone and together with the words Select Comfort, including United States Trademark Registration Nos. 2,803,624 and 2,803,623, which registrations are incontestable. True and correct copies of these registrations are attached as Exhibit C.

10. The Double Arrow Logo trademarks consist of a blue circle, containing two arrows, without or without the words "Select Comfort" as shown below:





11. The trademarks and logos described above are collectively referred to as the "Trademarks" or "the Trademarks-At-Issue."

12. Select Comfort has an excellent reputation for both its unique product line and superior quality of its products and services. Select Comfort was ranked the number one bedding retailer in the United States by *Furniture/Today* for nine consecutive years.

13. Sleep Number® beds and accessories are available nationwide at Select Comfort retail stores in major shopping malls and other locations, through the company's national direct marketing operations, through the shopping network QVC, through partnerships with recreational vehicle distributors, as well as through Select Comfort's website at sleepnumber.com.

14. Select Comfort markets its Sleep Number® beds and related goods through extensive advertising in, *inter alia*, newspapers, national circulation magazines, direct mailings, radio advertisements and television commercials and infomercials.

15. As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Select Comfort has acquired a reputation for quality, integrity and innovation, and it is well-known as the leading seller of premium air-supported sleep products.

16. As a result of widespread use in connection with the advertising and promotion of its Sleep Number® beds and related products, Select Comfort has developed substantial good will and national recognition in its Trademarks as a source of high-quality mattresses and bedding products.

17. Indeed, the Sleep Number® and Select Comfort® marks, as well as the Double Arrow Logo trademarks are among the most widely recognized trademarks in the bedding industry.

**Defendant and Its Infringing Activities**

18. Defendant promotes, advertises and sells air mattresses and other related products through retail stores in Minnesota.

19. Defendant also operates a domain name and website at customcomfortbeds.com though which it advertises and promotes air mattresses and related products to purchasers in all 50 states.

20. In connection with the sale and promotion of its air beds and related products, Defendant engages in unauthorized uses of and infringes Select Comfort's Trademarks.

21. Defendant has no rights in any of Select Comfort's Trademarks.

22. Google Adwords is an advertising product offered by Google. Google Adwords allows entities or individuals to purchase advertising space and will display the advertiser's advertising text to consumers who search for terms purchased by the advertiser. A Google user can click on the purchased advertisement and will be directed to a website of the advertiser's choosing.

23. On information and belief, Defendant purchases Select Comfort's Select Comfort® Trademark, or a portion thereof, as a search term via Google's Adwords program, and other similar internet advertising platforms or shopping sites.

24. On information and belief, Defendant purchases Select Comfort's Sleep Number® Trademark, or a portion thereof, as a search term via Google's Adwords program, and other similar internet advertising platforms or shopping sites.

25. Defendant purchases search terms to lure consumers, cause confusion, or divert customers seeking Select Comfort's goods, services, or website.

26. Defendant further attempts to deceive consumers through the use of deceptive and misleading advertisements displayed online and through internet search engines.

27. Defendant's purchase and/or use of the keywords including "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites, as referenced above, was made with knowledge of Select Comfort's rights in the Select Comfort® and Sleep Number® marks.

28. Defendant's purchase and/or use of the keywords including "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites is intended as a means of advertising its products on the internet.

29. Defendant's purchase and/or use of the keywords including "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites allows Defendant to use and trade off of Select Comfort's Trademarks in commerce to promote, sell, offer for sale or otherwise distribute Defendant's own products.

30. Defendant's purchase and/or use of the keywords including "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites alone and in conjunction with its misleading and infringing headline links that are presented to

consumers, allows Defendant to mislead, misdirect, deceive, or confuse the public at large and consumers seeking Sleep Number® beds and Select Comfort's goods, services, or website on the Internet.

31. Defendant purchased and/or used the keywords "Select Comfort" and "Sleep Number" in Internet search engines and advertising sites, and continues to do so, to mislead, deceive and lure consumers, cause confusion, or divert customers seeking Sleep Number® beds and Select Comforts' goods, services, or website.

32. Defendant furthers the confusion by using the following logo (the "Infringing Logo") on its website at customcomfortbeds.com to identify the adjustable air beds, mattresses and other bedding products that it sells in competition with Select Comfort:




33. Defendant also uses the Infringing Logo to identify the retail stores services it offers selling adjustable air mattresses and other bedding products from its store in Minnesota.

34. Defendant's Infringing Logo is confusingly similar to Select Comfort's Double Arrow Logo trademarks.

35. Defendant's use of Select Comfort's Trademarks and the Infringing Logo in connection with its competing adjustable beds and related products infringes and dilutes the Trademarks at Issue. It also misleads, misdirects, deceives, and/or confuses

the public at large and consumers as to the origin of Defendant's products and association with genuine Sleep Number® Beds.

36. By using Select Comfort's Trademarks and the Infringing Logo, Defendant is unfairly trading on the goodwill and reputation for high quality earned by Select Comfort over the years.

37. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above has and is likely to cause confusion and/or deceive customers and potential customers as to some affiliation, connection or association of Defendant with Select Comfort, or as to the origin, sponsorship, or approval of Defendant's goods by Select Comfort.

38. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above falsely designates the origin of Defendant's goods, and falsely and misleadingly describes and represents facts with respect to Defendant and its goods.

39. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above enables Defendant to trade on and receive the benefit of goodwill in Select Comfort's Trademarks which Select Comfort has built up at great labor and expense over many years. This unauthorized use by Defendant also enables Defendant to gain acceptance for its own goods, not solely on the merits of those goods, but on the reputation and goodwill of Select Comfort and its own trademarks.

40. The Select Comfort®, Sleep Number®, and Double Arrow Logo trademarks are famous marks as that term is defined in 15 U.S.C. 1125(c)(1).

41. The misleading and confusing use of the Infringing Logo and unauthorized use of the Sleep Number®, Select Comfort® and Double Arrow Logo trademarks by Defendant in the manner described above is likely to dilute the distinctive quality of Select Comfort's marks.

42. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above unjustly enriches Defendant at Select Comfort's expense.

43. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above removes from Select Comfort the ability to control the nature and quality of the products provided under those marks and places the valuable reputation and goodwill of Select Comfort in the hands of Defendant, and others, over whom Select Comfort has no control.

44. Select Comfort has provided notice to Defendant of the improper use of Select Comfort's marks and demanded that Defendant cease the unauthorized uses of the marks. Defendant failed and refused to comply with Select Comfort's rightful requests and demands.

45. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above is false and misleading.

46. Defendant expects that consumers will rely on Defendant's false, deceptive, or misleading representations in purchasing products from Defendant.

47. On information and belief, consumers do rely, and have relied, on Defendant's false, deceptive, or misleading representations in purchasing products from Defendant.

48. Defendant's acts as described above have injured Select Comfort by diverting customers from Select Comfort.

49. Defendant's false, deceptive, or misleading representations have caused injury to Select Comfort.

50. Defendant's acts complained of herein were and continue to be committed willfully and intentionally.

51. Select Comfort has suffered and will continue to suffer monetary damages as a result of Defendant's wrongful acts.

52. Defendant's activities have caused irreparable injury to Select Comfort and, unless enjoined by this Court, will continue to cause irreparable injury to Select Comfort, Minnesota consumers, and the public at large. There is no adequate remedy at law for this injury.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT

53. Select Comfort repeats the allegations above as if fully set forth herein.

54. The acts of Defendant complained of herein constitute infringement of Select Comfort's federally registered marks in violation of 15 U.S.C. § 1114(1).

55. The Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks in the manner described above has and is likely to cause confusion or mistake and/or to deceive customers and potential customers of the parties regarding the origin, affiliation or relationship of Defendant's products and services, including confusion, mistake or deception regarding whether Defendant's or its products and services are related to, approved by, or somehow sponsored or affiliated with Select Comfort and Select Comfort's Trademarks and products and services.

56. Defendant is not authorized to sell, nor does it sell, Sleep Number® or Select Comfort® products; and Defendant has no rights in the Select Comfort®, Sleep Number® or Double Arrow Logo marks.

57. Defendant's conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

58. Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to Select Comfort, its goodwill, and its Trademarks.

**COUNT TWO**

**FEDERAL UNFAIR COMPETITION**

59. Select Comfort repeats the allegations above as if fully set forth herein.

60. The acts of Defendant complained of herein constitute trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a).

61. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above falsely designates the origin of the goods of Defendant.

62. The Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks in the manner described above has and is likely to cause confusion or mistake and/or to deceive customers and potential customers of the parties regarding the origin, affiliation or relationship of Defendant's products and services, including confusion, mistake or deception regarding whether Defendant or its products and services are related to, approved by, or somehow sponsored or affiliated with Select Comfort and Select Comfort's Trademarks and products and services.

63. Defendant's conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

64. Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to Select Comfort, its goodwill, and its Trademarks.

## COUNT THREE

## FEDERAL DILUTION OF TRADEMARK

65. Select Comfort repeats the allegations above as if fully set forth herein.

66. The acts of Defendant complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

67. The Select Comfort®, Sleep Number®, and Double Arrow Logo trademarks are distinctive and are famous marks as that term is defined in 15 U.S.C. 1125(c)(1).

68. The misleading and confusing use of the Infringing Logo and unauthorized use of the Select Comfort®, Sleep Number®, and Double Arrow Logo trademarks by Defendant in the manner described above dilutes the distinctive quality of Select Comfort's Select Comfort®, Sleep Number®, and Double Arrow Logo marks.

69. Defendant's conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

70. Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause dilution and serious irreparable injury to Select Comfort, its goodwill, and its Trademarks.

## COUNT FOUR

## DECEPTIVE TRADE PRACTICES

71. Select Comfort repeats the allegations above as if fully set forth herein.

72. The acts of Defendant complained of herein constitute deceptive trade practices in violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325(D).44 *et seq.*

73. Through Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks, Defendant has unlawfully passed off its goods or services as those of Select Comfort.

74. Through Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks, Defendant has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

75. Through Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks, Defendant has caused a likelihood of confusion or misunderstanding as to its affiliation, connection, association with, or certification by Select Comfort.

76. Through Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks, Defendant has represented that its goods have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not have.

77. Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort, its goodwill, and its Trademarks.

**COUNT FIVE**

**UNLAWFUL TRADE PRACTICES**

78. Select Comfort repeats the allegations above as if fully set forth herein.

79. The acts of Defendant complained of herein constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*

80. Through Defendant's misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks, Defendant has knowingly misrepresented the true quality, ingredients, or origin of its merchandise in connection with its sale of said merchandise.

81. Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort, its goodwill, and its Trademarks.

**COUNT SIX**

**UNJUST ENRICHMENT**

82. Select Comfort repeats the allegations above as if fully set forth herein.

83. By its misleading and confusing use of the Infringing Logo and incorporating and using Select Comfort's marks without Select Comfort's authorization, Defendant is unfairly trading on the goodwill and reputation developed by Select Comfort over the years.

84. The misleading and confusing use of the Infringing Logo and unauthorized use of Select Comfort's Trademarks by Defendant in the manner described above enables

Defendant to trade on and receive the benefit of goodwill in Select Comfort's Trademarks which Select Comfort has built up at great labor and expense over many years. This also enables Defendant to gain acceptance for its own goods, not solely on the merits of those goods, but on the reputation and goodwill of Select Comfort and Select Comfort's Trademarks.

85. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Select Comfort's expense.

86. Defendant's conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort, its goodwill, and its Trademarks.

## **PRAYER FOR RELIEF**

WHEREFORE, Select Comfort prays for judgment as follows:

1. A permanent injunction enjoining and restraining Defendant and its agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendant:

a. from the use, in any manner whatsoever, including keyword purchasing, of the marks Sleep Number®, Select Comfort® or combinations or variations thereof, including phonetic equivalents;

b. from the use, in any manner whatsoever of the Infringing Logo or the Select Comfort® or Double Arrow Logo marks, or combinations or variations thereof, including phonetic equivalents;

c. from the use, in any manner whatsoever of the phrase "number bed" or other similar phrases;

d. from using any of the false and/or misleading advertising statements described above;

e. to deliver up for destruction, or otherwise destroy all advertising and promotional materials, including signage, packages, containers, freights, cartons, receptacles, wrappers, art work, products, or other materials containing any use of the Infringing Logo or the Sleep Number®, Select Comfort® or Double Arrow Logo trademarks; and

f. with such injunction including a provision directing Defendant to file with the Court and serve on Select Comfort within thirty (30) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

2. Requiring a payment of damages or an accounting of profits made by Defendant as a result of the acts complained of herein;

3. Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

4. Awarding prejudgment interest; and

5. Awarding Select Comfort its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Select Comfort requests a trial by jury on all claims and issues triable by jury.

Dated: December 11, 2012

**OPPENHEIMER WOLFF & DONNELLY LLP**

By: s/ Dennis E. Hansen
Andrew S. Hansen (# 285894)
Dennis E. Hansen (# 386734)
Michelle R. Schjodt (# 390490)

Campbell Mithun Tower, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Fax Telephone: (612) 607-7100
ahansen@oppenheimer.com
dhansen@oppenheimer.com
mschjodt@oppenheimer.com

**ATTORNEYS FOR PLAINTIFF SELECT COMFORT CORPORATION**